UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ALEX FARES,                    :
                                          04 Civ. 6922 (WHP)
        Petitioner,            :
                                          MEMORANDUM AND ORDER
    - against -                :

UNITED STATES OF AMERICA,      :

        Respondent.            :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

Petitioner Alex Fares ("Fares" or "Petitioner") brings this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2255. Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), Petitioner argues that this Court's sentence violated his Sixth Amendment right to a jury trial. For the reasons set forth below, Fares' Petition is denied.

## BACKGROUND

On October 17, 2002, Fares pled guilty to money laundering, structuring transactions to evade reporting requirements and conspiracy to defraud the United States. On April 10, 2003, this Court sentenced Fares to a prison term of 87 months. (Transcript of Sentencing Hearing, dated Apr. 10, 2003 ("Tr.") at 31.) Fares' base offense level under the Federal Sentencing Guidelines (the "Guidelines") was 20. This Court applied a three-level enhancement because it found by a "preponderance of the evidence" that Petitioner "knew or believed that the [laundered] funds were the proceeds of an unlawful activity involving the manufacture, importation or distribution of narcotics." (Tr. at 31-32.) Additionally, nine levels were added because Petitioner "laundered approximately $13.8 million in narcotics proceeds."

(Tr. at 34.) Finally, this Court subtracted three levels because Petitioner accepted responsibility for his crimes. Based on these adjustments, the final offense level was 29. (Tr. at 34.) Judgment was entered on April 14, 2003. (Judgment, dated Apr. 14, 2003.) On August 26, 2004, Petitioner moved to vacate his sentence, arguing that the Guidelines enhancements violated his Sixth Amendment right to a jury trial.

## DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody may move to have his sentence vacated on the grounds that "the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

### A. Application of Apprendi

Petitioner's reliance on Apprendi is misplaced, because Apprendi's holding applies only to judge-enhanced sentences that exceed the maximum sentence allowed by statute. 530 U.S. at 466; see also United States v. Booker/Fanfan, 125 S.Ct. 738, 755 (2005) (holding that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)). Here, Petitioner pled guilty to money laundering, which carries a maximum statutory sentence of twenty years per count – a term far exceeding Petitioner's sentence. See 18 U.S.C. § 1856(a). Thus, Petitioner's sentence does not violate Apprendi. See United States v. King, 345 F.3d 149, 151 (2d Cir. 2003) (holding that "Apprendi's requirement that factors related to sentencing be submitted to the jury and

2

proved beyond a reasonable doubt applies only when the factors in question increase the penalty for a crime beyond the statutory maximum" (internal quotation marks omitted)).

Further, Apprendi is not retroactively applicable. See Coleman v. United States, 329 F.3d 77, 90 (2d Cir. 2003) ("Apprendi does not apply retroactively to initial § 2255 motions for habeas relief"); accord Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003).

B. Application of Blakely and Booker/Fanfan

In Blakely, the Supreme Court found a state court sentence enhancement based on judicial determinations not made by a jury unconstitutional. 124 S.Ct. at 2542. Subsequently, in Booker the Court held that the Guidelines violated the Sixth Amendment to the extent they required a court to impose enhancements. Booker, 125 S.Ct. at 756. However, the Court acknowledged that preventing a judge from "relying on a presentence report for factual information" would "undermine the sentencing statute's basic aim of ensuring similar sentences for those who have committed similar crimes in similar ways." Booker, 125 S.Ct. at 760-62. Thus, the Court invalidated only those provisions of the Guidelines "that have the effect of making the Guidelines mandatory." Booker, 125 S.Ct. at 746. Accordingly, the Court rendered the Guidelines advisory, permitting courts to consider the guidelines and find facts as long as the sentence imposed does not exceed the statutory maximum. Booker, 125 S.Ct. at 764 (holding that absent provisions making the Guidelines mandatory, "the Act satisfies the Court's constitutional requirement and falls outside the rule of Apprendi"). The Second Circuit summarized the current state of the law as follows:

> [A]t this point, we can identify several essential aspects of Booker/Fanfan that concern the selection of sentences. First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in

3

> section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005). Here, Fares' sentence full conforms with Booker and Crosby.

Finally, the holdings of Blakely and Booker do not apply here. As the Second Circuit explained, "a new rule of constitutional law does not apply retroactively to cases on collateral review unless the rule is substantive or a 'watershed' rule of procedure that affects the fundamental fairness and accuracy of the criminal proceeding." Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005) (citing Schriro v. Summerlin, 348 U.S. ___, 124 S.Ct. 2519, 2522-23 (2004); Teague v. Lane, 489 U.S. 288 (1989)) (internal quotation marks omitted). Indeed, because Booker does not establish a substantive or "watershed" rule, it is not retroactive. Guzman, 404 F.3d at 141-43; see Humphress v. United States, 398 F.3d 855, 862 (6th Cir. 2005) (holding that Booker is not retroactive under the "substantive" or "watershed" rule exceptions of Teague); Hamdani v. United States, No. Civ. 04-3332 (DGT), 2005 WL 419727 at *2 (E.D.N.Y. Feb. 22, 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." (internal quotation marks omitted)); see also United States v. Morgan, 406 F.3d 135 (2d Cir. 2005) (holding that "the possibility of a favorable change in the

law after a plea is simply one of the risks that accompanies pleas and plea agreements").[1]

Accordingly, petitioner's sentence does not violate Blakely or Booker.

## CONCLUSION

For the reasons set forth above, petitioner Alex Fares' petition for a writ of habeas corpus is denied. Moreover, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Copperedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to mark this case closed.

Dated: August 10, 2005
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

---

[1] Since Apprendi, Blakely and Booker do not apply retroactively, Fares' petition is time-barred because it was filed over a year after this Court entered judgment. See 28 U.S.C. § 2255(3).

5

*Copies mailed to*:

Alex Fares
(51114-054)
FCI-Fort Dix Camp
Fort Dix, NJ 08640
*Plaintiff Pro Se*

AUSA Arthur Gollwitzer III
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, N.Y. 10007
*Counsel for Defendant*